UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-cv-60916

PEDRO GONCALVES AND
FRANCINE DYER-GONCALVES,

       Plaintiffs,
vs.

SELECT PORTFOLIO SERVICING, INC.,

       Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, PEDRO GONCALVES and FRANCINE DYER-GONCALVES (hereinafter "Plaintiffs"), hereby files their Complaint against Defendant, SELECT PORTFOLIO SERVICING, INC. ("Defendant SPS"), and alleges:

**INTRODUCTION**

1. This is an action brought by consumers for Defendant SPS's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

3. Specifically, Plaintiffs seek the remedies as provided in RESPA for Defendant SPS's failure to comply with Section 2605(k) of RESPA and Section 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiffs reside in Broward County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, Defendant SPS is and was a foreign profit corporation with its principal place of business at 3217 S Decker Lake Drive, Salt Lake City, Utah 84119. Defendant SPS is duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9. At all times material hereto, Defendant SPS is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiffs' residential property, located at 12668 NW 74th Place, Parkland, Florida (the "Subject Property").

10. At all times material hereto, Plaintiffs owned and continues to own the Subject Property, which is located in Broward County, Florida.

11. The Subject Property is a residential single-family home structure.

12. At some point in time prior to the violations alleged herein, Defendant SPS was hired to service the subject loan.

13. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by Defendant SPS as account number ******7443.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about April 3, 2006, Plaintiffs entered into a promissory note agreement with First Security Mortgage Services, Inc. (the "Note") for what they intended to be their primary residence. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

15. On March 3, 2021, a loss mitigation application ("LMA") was submitted on behalf of Plaintiffs to Defendant SPS. *See* Email Submissions attached hereto as **Exhibit "A"**.

16. On March 5, 2021, Defendant SPS acknowledged receipt of Plaintiffs' LMA. *See* Acknowledgment Letter attached hereto as **Exhibit "B"**.

17. Pursuant to 12 C.F.R. § 1024.41(c), Defendant SPS was required to provide a written notice stating which loss mitigation options, if any, Defendant SPS would offer Plaintiffs within thirty (30) days after the application was considered "facially complete."

18. Receiving no response, on April 5, 2021, Plaintiffs sent Defendant SPS a Notice of Loss Mitigation Application Response Not Received (the "NOE") in advance of litigation. The NOE was received by Defendant SPS on April 10, 2021. *See* NOE attached hereto as **Exhibit "C"**.

19. Plaintiffs' NOE provided Defendant SPS an additional seven (7) days to comply with their obligations pursuant to 12 C.F.R. § 1024.41(c).

20. To date, Defendant SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that no written notice within thirty (30) days of receipt of a "facially complete application" stating which loss mitigation options, if any, will be offered to Plaintiffs.

21. Plaintiffs retained Loan Lawyers, LLC ("Loan Lawyers") as counsel and Jenkins Lorenzo, LLC ("Jenkins Lorenzo") as co-counsel for legal representation in this action and has agreed to pay a reasonable attorney's fee.

**DAMAGES**

22. Plaintiffs have been injured and suffered actual damages by virtue of Defendant SPS's repeated violations of those legal rights and protections which Congress provided to Plaintiffs and other consumers like them. The threshold of Defendant SPS's violations stem from repeated failures to respond to the LMA submitted for Plaintiffs. Plaintiffs' injuries result in-part from the Defendant SPS's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiffs' procedural rights under RESPA were violated by not providing a response to the LMA despite additional notice of same via the NOE.

23. Plaintiffs are entitled to actual damages as a result of Defendant SPS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiffs' NOE; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant SPS's failure to adequately respond to Plaintiffs' LMA, which includes the NOE.

24. Plaintiffs have also suffered actual damages in the form of emotional distress, anxiety, the fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of Defendant SPS to address the Plaintiffs' concerns relating to the loan.

25. Defendant SPS has also demonstrated a pattern or practice of noncompliance with Regulation X and RESPA with respect to the numerous loans it services, including but not limited to, the following loans:

   a. With respect to CFPB Consumer Complaint ID 2236734, Defendant SPS violated RESPA by failing to review a "facially complete" modification package.

   b. With respect to CFPB Consumer Complaint ID 2395578, Defendant SPS violated RESPA by failing to acknowledge the consumer's modification.

   c. With respect to CFPB Consumer Complaint ID 2369933, Defendant SPS violated RESPA by failing to timely respond and review the consumer's modification package.

   d. With respect to CFPB Consumer Complaint ID 2347916, Defendant SPS violated RESPA by failing to timely respond and review the consumer's modification package.

26. Plaintiffs are entitled to statutory damages in an amount not greater than $2,000.00 pursuant to 12 U.S.C. § 2605(f), as a result of Defendant SPS's pattern or practice of noncompliance with Regulation X and RESPA.

27. Additionally, Plaintiffs are entitled the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f).

### COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27 above.

29. Section 6, Subsection (k) of RESPA states in relevant part:

   **(k) Servicer prohibitions**
   **(1) In general**
       A servicer of a federally related mortgage shall not-
       …

> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> …
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)(emphasis added)

30. Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, FN. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

31. The CFPB's authority to prescribe such regulations under Section 2605(k)(1), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

32. Plaintiffs LMA was deemed facially complete as of April 2, 2021 – thirty (30) days after receipt of same by Defendant SPS.

33. Defendant SPS has failed to or refused to comply with 12 C.F.R. § 1024.41(c) in that no written notice was provided to the Plaintiffs within thirty (30) days of receipt of a facially complete loss mitigation application stating which loss mitigation options, if any, would be offered.

34. As such, Defendant SPS has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

35. As a result of the above violations, Plaintiffs are entitled to recovery for actual and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs PEDRO GONCALVES and FRANCINE DYER-GONCALVES respectfully requests that this Honorable Court enter an order granting judgment for the following:

(a) That the Defendant SPS be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c);

(b) For actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs PEDRO GONCALVES and FRANCINE DYER-GONCALVES hereby demands a trial by jury of all issues so triable.

Dated this 29th day of April 2021.

Respectfully Submitted,

                                                              **JENKINS LORENZO, LLC**
                                                              *Co-Counsel for Plaintiffs*
                                                              18851 NE 29th Avenue, Ste. 700
                                                              Aventura, Florida 33180
                                                              Tel: (305) 456-1450

                                                              By: */s/ Chase E. Jenkins, Esq.*
                                                                   Chase E. Jenkins, Esq.
                                                                   Florida Bar No. 94261
                                                                   cjenkins@jenkinslorenzo.com

Jorge "J.D." Lorenzo, Esq.
Florida Bar No. 81702
jlorenzo@jenkinslorenzo.com

*/s/ Matthew D. Bavaro*
Matthew David Bavaro, Esq.
Florida Bar No. 175821
LOAN LAWYERS, LLC
3201 Griffin Road, Ste. 100
Fort Lauderdale, FL 33312
matthew@fight13.com
*Co-Counsel for Plaintiffs*